No. 536
NYE v. ELYRIA SAVINGS & TRUST CO.
Ohio Appeals, 9th Dist., Lorain Co.
No. 323. Decided April 30, 1925

147. BILLS AND NOTES—A recital of the securities of a negotiable instrument, or a reference to a collateral instrument providing for securities for the payments provided for in the instrument, does not render it non-negotiable.

557. FRAUD—Maker of note cannot charge holder with fraud as to consideration, when he claims it has taken more than four years to discover alleged fraud.

ALLREAD, J.

The original action was brought by the Elyria Savings & Trust Co. against George L. Nye and others in the Lorain Common Pleas. The petition of the Trust Co. declared upon certain notes given by Nye which were made payable to John Pekras and Melton Phelos. The notes were endorsed by Pekros and Phelos in blank. An answer was filed by Nye charging fraud in the consideration of the notes and notices thereof by the Trust Co. The company filed a reply denying the charge of fraud and also lack of diligence and estoppel in respect to the charge of fraud. At the conclusion of the evidence the trial court instructed the jury to return a verdict against Nye and in favor of the company for $25,510.00. Error was prosecuted and the Court of Appeals held:

1. The negotiability of the notes is challenged because of the following recital contained therein:

"All of the conditions governing such securities, aforesaid, and the rights and privileges of the holder of such series of notes, are fully set forth in the declaration of trust this day made by the Elyria Savings & Trust Co. and approved by the payees of this note and the holders of such secutirite." It is contended that the above quoted recital destroys the negotiability of the notes.

2. The recital related only to securities pledged as collateral. It does not affect the terms of the note upon which its negotiability depends, and under the law a recital of the securities of a negotiable instrument providing for securities for the payments provideo for in the instrument does not render the instrument non-negotiable. The Trust Co. was therefore entitled to assert its rights as holder of the negotiable instrument.

3. It would be difficult to find any basis whatever to charge the Trust Co. with the knowledge which Nye himself does not claim to have discovered for more than four years.

4. Even if there was slight evidence, or a

scintilla of fraud which might have gone to the jury as against Pekras and Phelos, it is entirely clear that the Trust Co. had no notice or knowledge thereof as to impeach its title to the negotiable paper involved in this action.

Judgment against Nye affirmed.

Attorneys—H. C. Johnson and H. H. Johnson for Nye, Fauver & Cheney, H. W. Ingersoll, and J. W. Dilgren for Trust Co., all of Elyria.